JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-5542

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Frank Kenneth Richardson Jr.

## DEFENDANTS
University of Pennsylvania, Robert Clifford and John Does

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law LLC 11 Bala Ave, Bala Cynwyd PA 19004 610-664-5200
Weisberg Law, 7 S. Morton Ave, Morton PA 19070 610-690-0801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VIII Civil Rights; Section 1983
Brief description of cause:
Plaintiff was wrongfully terminated due to his race.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/11/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DEC 11 2017

**UNITED STATES DISTRICT COURT**

**17 5542**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 8421 Bayard St Philadelphia PA 19150

Address of Defendant: 2929 Walnut Street Suite 400 Philadelphia PA 19104

Place of Accident, Incident or Transaction: University of Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12-11-17   _____signature_____ DEC 11 2017   83362
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Frank Kenneth Richardson Jr : CIVIL ACTION
:
v. :
University of Pennsylvania et al : NO. 17 5542
:

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| 12-11-17 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 11 2017

*[handwritten: $400]*  *[handwritten: circled 1]*

| | |
|---|---|
| WEISBERG LAW<br>Matthew B. Weisberg, Attorney ID No. 85570<br>7 South Morton Ave.<br>Morton, PA<br>610-690-0801<br>Fax: 610-690-0880<br>**Attorney for Plaintiff** | Schafkopf Law, LLC<br>Gary Schafkopf, Attorney ID No. 83362<br>11 Bala Ave<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-238-1334<br>**Attorney for Plaintiff** |

### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK KENNETH RICHARDSON JR**<br>8241 Bayard St<br>Philadelphia PA 19150<br><br>          **Plaintiff,**<br>    v.<br><br>**UNIVERSITY OF PENNSYLVANIA**<br>2929 Walnut Street<br>Suite 400<br>Philadelphia, PA 19104<br><br>and<br><br>**ROBERT CLIFFORD**<br>2929 Walnut Street<br>Suite 400<br>19104<br><br>**JOHN DOES 1-100**<br>          **Defendants** | No. 17 5542<br><br>**JURY TRIAL OF TWELVE (12) DEMANDED**<br><br>**FILED**<br>DEC 11 2017<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk |

### CIVIL ACTION COMPLAINT

1. Plaintiff, Frank Kenneth Richardson Jr., is an African-American adult individual residing at the above captioned address. Plaintiff is a citizen of Pennsylvania.

2. Defendant, University of Pennsylvania, is a for profit university, doing business at the above captioned address.

3. Defendant, Robert Clifford, is a Caucasian male and was Plaintiff's Senior Manager, doing business at the above captioned address.

*[handwritten: 5]*


4. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## JURISDICTION AND VENUE

5. This Court has jurisdiction and venue is appropriate in this judicial district as the facts complained of herein occurred in this judicial district, and this Complaint arises under the laws of the United States and seeks redress for violations of federal laws.

6. All conditions precedent- including the EEOC Right to Sue Letter- have been satisfied.

**EXHIBIT A**

## OPERATIVE FACTS

7. Since February 2014 until his termination Plaintiff was a Manager with Defendant's University Laboratory for Animal Resources ("ULAR").

8. ULAR provides veterinary care, animal husbandry and regulatory support for the academic schools with Defendant University of Pennsylvania that conduct biomedical research.

9. Plaintiff's responsibilities included managing daily operations of the animal facility from a husbandry and regulatory perspective, as well overseeing the activities of the animal care staff, including hiring new employees, disciplining existing employees and completing performance evaluations.

10. On or about April 9, 2015 two employees began a verbal argument during a staff meeting.

11. Plaintiff, intervened and took both employees into his office and began employing conflict resolution methods to defuse the situation, addressing each employee individually.

12. Plaintiff did not believe the incident needed to be reported to Human Resources as he was able to defuse the situation.

13. Upon conclusion of Plaintiff's meeting with the two employees one of the employees did requested to speak to Human Resources.

14. At the time of the request Human Resource Generalist, Janese Brown-Hooker called Plaintiff regarding an unrelated matter.

15. Human Resource Generalist Janese Brown-Hooker, who is African-American, spoke with the employee over the phone in Plaintiff's office.

16. Plaintiff was not present during the conversation and Ms. Brown-Hooker did request to speak with Plaintiff afterwards.

17. Plaintiff was not told that any additional action was needed and believed the incident had been handled in an appropriate matter.

18. During an unrelated meeting with a Human Resource consultant Plaintiff discussed the incident regarding the two employees.

19. Following the meeting with the Human Resource consultant Plaintiff's Senior Manager, Defendant Rob Clifford who is Caucasian was advised of the incident between the two employees.

20. The following week Defendant Rob Clifford met with Plaintiff.

21. Despite having never been previously disciplined Plaintiff was given a First and Final Warning regarding his handling of the situation between the two employees.

22. Defendant Rob Clifford failed to investigate the matter prior to issuing the First and Final Waring.

23. Plaintiff believes and avers that Plaintiff's First and Final Warning resulted not due to his handling of the situation between the two employees but due to his race.

24. In March of 2015 Plaintiff hired a temporary employee, Abdulallah Hunter.

25. Over the course of several months Mr. Hunter called out of work, arrived late or would request to leave early.

26. In June 2015 Plaintiff and Supervisor Ladia Little, who is African-American, met with Mr. Hunter.

27. Plaintiff informed Mr. Hunter that his attendance issues were problematic and that any further issues regarding his attendance would lead to him being disciplined which included potential termination

28. In August 2015 Mr. Hunter was involved in a car accident.

29. Mr. Hunter returned to work a week later the following week Plaintiff was advised by Mr. Hunter that his doctor advised him to not to return to work.

30. Mr. Hunter did return to work but continued to experience attendance problems.

31. Plaintiff then determined to end Mr. Hunter's temporary employment.

32. Plaintiff sent an email to Ufuoma Pela, who is African-American, and Rob Clifford informing them of his decision.

33. Defendant Rob Clifford did not respond, and Mr. Pela responded "ok."

34. Neither provided Plaintiff with any additional instructions on how to handle Mr. Hunter's termination.

35. Or about August 25, 2015 Plaintiff with Supervisor Ladia Little met with and terminated Mr. Hunter's employment.

36. Plaintiff did not provide Mr. Hunter with a specific reason for his termination, which was not required as a temporary employee.

37. Following the meeting Mr. Hunter approached Plaintiff at the elevator bank.

38. Mr. Hunter requested to know the reason for his termination.

39. Plaintiff advised it was due to his attendance and immediately left.

40. The following day Mr. Hunter requested Plaintiff provide him a letter stating the reason for his termination was due to his attendance.

41. Plaintiff immediately informed Ufuoma Pela of the request and advised that he had informed Mr. Hunter that his termination was due to his attendance during the brief conversation at the elevator.

42. An investigation was then conducted by Defendant Rob Clifford regarding Mr. Hunter's firing and how the situation was handled.

43. Plaintiff and Ladia Little were interviewed advising of all the events that occurred during and after the meeting with Mr. Hunter.

44. On or about September 1, 2015, terminated.

45. Following his termination Plaintiff filed a grievance with Defendant University of Pennsylvania.

46. The grievance panel found in Plaintiff's favor finding Plaintiff's termination was erroneous. **EXHIBIT B**

47. Plaintiff believes and avers that his termination was the result of his race and not due to his handling of Mr. Hunter's termination.

48. Plaintiff believes and avers that other Caucasian managers who have been investigated for assisting employees to steal company time by failing to report when employees clock in and out of the office have not been disciplined by Defendants.

49. Per Defendant University of Pennsylvania's employment policy falsifying timesheets are grounds for immediate dismissal.

50. Plaintiff believes and avers Caucasian managers who have engaged in falsifying time sheets have not been terminated and Plaintiff was terminated as a result of his race.

51. As a result of the discrimination, Plaintiff suffered emotional distress. Plaintiff has remained in distress since discrimination against his ethnicity.

## COUNT I
## 42.S.C. § 2000e *et seq.* – TITLE VII OF THE 1964 CIVIL RIGHTS ACT

52. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

53. Defendants have discriminated against Plaintiff by terminating him due to his handling of a conflict amongst two employees and the termination of a temporary employee.

54. Similarly situated Caucasian Managers have not been disciplined for failing to report and correct a situation in which employees were stealing company time by failing to clock in and out of the office.

55. Plaintiff suffered harm due to Defendants' conduct.

## COUNT II
## 43P.S. § 951, *et seq.* – PENNSYLVANIA HUMAN RELATIONS ACT

56. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

57. Defendants' discriminatory actions aforesaid also violate the PHRA.

58. Plaintiff suffered harm due to Defendants' conduct.

## COUNT III – 1983 VIOLATION

59. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

60. Defendants' retaliatory conduct, as set forth herein, deprived Plaintiff of equal protection under the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

61. As a direct and proximate result of Defendants' acts and conduct which caused and continue to cause Plaintiff to be denied equal protection under the law, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incur attorneys' fees and costs.

62. The wrongful acts and conduct of Defendants' were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

## COUNT IV
## WRONGFUL TERMINATION

63. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

64. Plaintiff, Frank Richardson Jr was employed by Defendants.

65. Plaintiff was laid off for discriminatory and/or retaliatory reasons after firing a temporary employee.

66. Plaintiff filed a grievance with Defendant University of Pennsylvania.

67. The grievance panel ruled in Plaintiff's favor, finding that Plaintiff had erroneously been fired.

68. As a result of Defendants' actions, Plaintiff has sustained damages, as set forth above.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $75,000, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a. Statutory damages;

    b. Punitive damages;

    c. Compensatory damages, including;

        i. Actual damages for financial and physical injuries, and emotional distress;

    d. Attorneys' fees and expenses, costs of suit, and equitable relief;

Respectfully Submitted,

| WEISBERG LAW | SCHAFKOPF LAW, LLC |
|---|---|
| BY: _/s/ Matthew Weisberg_ | BY: _/s/ Gary Schafkopf_ |
| MATTHEW B. WEISBERG, ESQ | GARY SCHAFKOPF, ESQ. |
| DATED: 12-11-17 | DATED: 12-11-17 |

# EXHIBIT A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Frank Richardson<br>8241 Bayard St<br>Philadelphia, PA 19150 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-00640 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

KJB

Kevin J. Berry,
Acting District Director

9/13/17
(Date Mailed)

Enclosures(s)

cc:

**UNIVERSITY OF PENNSYLVANIA**
**Jennifer B. Feldman, Esq. (For Respondent)**

# EXHIBIT B

# UNIVERSITY OF PENNSYLVANIA

## STAFF GRIEVANCE PROCEDURE
### Panel Findings & Recommendations

Grievant Information:

Name_____Frank Richardson, Jr._____

Department/School__ULAR_____Title__Manager_____

Preferred Mailing Address_____8241 Bayard St., Philadelphia, PA 19150_____

Home Telephone____267-252-5514_____University Extension_____

**Panel Hearing:**

Date of Hearing__October 12, 2015_____

Issue(s) [use additional pages if necessary]:

Whether Frank Richardson's September 1, 2015 termination from his position as manager at ULAR was appropriate and in keeping with the University's policy and procedures.

**Position of Grievant:**

Termination of employment was based on erroneous information and undocumented assertions that he misrepresented the facts concerning the reasons given to terminate an agency employee.

**Position of Respondent:**

Grievant failed to provide accurate and honest information to University staff regarding the termination of an agency employee.

**Finding of Fact:**

The grievant may not have strictly followed University policies concerning the termination of an agency employee, by giving two distinct reasons for the termination. However, his actions should not be deemed as misconduct that warrants dismissal and the grievant's testimony that he provided his supervisors with both reasons for the termination of the agency employee appeared credible and honest. He gave a formal and informal reason for the termination and the respondent did not offer any witness to contradict the grievant's version of the facts.